# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-2158

CALDEAN M. CHUWAY,

*Plaintiff-Appellant*,

v.

NATIONAL ACTION FINANCIAL SERVICES INC.,

*Defendant-Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 1247—**Joan Humphrey Lefkow**, *Judge*.

_____

ARGUED JANUARY 21, 2004—DECIDED MARCH 30, 2004

_____

Before FLAUM, *Chief Judge*, and POSNER and RIPPLE, *Circuit Judges*.

POSNER, *Circuit Judge*. The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, requires that any dunning letter by a debt collector as defined by the Act state "the amount of the debt" that the debt collector is trying to collect. § 1692g(a)(1); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). The defendant, conceded to be a debt collector, mailed the plaintiff a letter which identifies a creditor (a

credit card company) and states that the "balance" is $367.42. The letter adds that the company "has assigned your delinquent account to our agency for collection. Please remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call 1-800-916-9006. Our friendly and experienced representatives will be glad to assist you and answer any questions you may have." The district judge granted summary judgment for the defendant, ruling that the letter stated "the amount of the debt" and therefore did not violate the statute.

Both parties appeal to our decision in *Miller*, but it is not on point. The dunning letter in that case listed the "unpaid principal balance" of $178,844.65 but added that "this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges. . . . The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures." *Id.* at 875. An 800 number was listed. We held that the letter violated the Act because it did not state the amount of the debt owed by the plaintiff, since the debt was not limited to the unpaid principal. See also *Wilkerson v. Bowman*, 200 F.R.D. 605, 607-08 (N.D. Ill. 2001). To determine the amount she would have had to call the defendant. Here—the defendant's lawyer stated without contradiction at oral argument—the *entire* debt that the defendant was hired to collect was the $367.42 listed as the "balance."

So if the letter had stopped after the "Please remit" sentence, the defendant would be in the clear. But the letter didn't stop there. It went on to instruct the recipient on how to obtain "your most current balance information." If this means that the defendant was dunning her for something more than $367.42, it's in trouble because the "something

more" is not quantified. Actually, as we said, the defendant hadn't been hired to collect the *current* balance of the plaintiff's credit card debt, insofar as that current balance exceeded $367.42. The credit card company, which is to say the creditor, not the debt collector, may charge the plaintiff interest on the $367.42 between when that debt accrued and when the plaintiff finally pays and may add the interest accruing in the interim to the plaintiff's current balance. But that would not be a part of "the amount of the debt" for which the *defendant* was dunning her, and hence it would not precipitate a violation by the defendant. It would be as if between when the $367.42 debt was turned over to the defendant for collection and when the plaintiff received the dunning letter, the plaintiff had defaulted on a separate debt that she owed the credit card company. The fact that the defendant didn't add that to the debt for which it had been retained to dun the plaintiff would not result in a violation of the statute. Quite the contrary, for a debt collector has no authority to collect debts that it has not been authorized by a creditor to collect; nor was the defendant trying to do that. This is not a multiple-debt case. Compare *Graziano v. Harrison*, 763 F. Supp. 1269, 1276 (D.N.J.) affirmed in part, reversed in part on other grounds, 950 F.2d 107 (3d Cir. 1991), with *Joseph v. J.J. MacIntyre Cos., L.L.C.*, 238 F. Supp. 2d 1158, 1167-69 (N.D. Cal. 2002).

But suppose the plaintiff was confused and thought the reference to the "current balance" meant that the defendant was trying to collect an additional debt, only not telling her how large an additional debt and thus violating the statute. Her affidavit states that she didn't know whether the defendant wanted just $367.42 or some unknown greater amount that she could discover only by calling the 800 number. Suppose she had called and discovered that her current balance was $567.42. She wouldn't know whether to mail $367.42 to the defendant or $567.42, without making a

further inquiry. She might pay the larger amount thinking she would be sued otherwise, even though the extra $200 might not yet be due, let alone overdue.

It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it. *Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997); *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991). Otherwise the collection agency could write the letter in Hittite and have a secure defense. The defendant concedes the principle but insists that to withstand summary judgment the plaintiff must *always* submit a survey or some other form of systematic empirical evidence demonstrating the propensity of the letter to confuse. There is no basis for so flat a rule. *Avila v. Rubin*, *supra*, 84 F.3d at 226-27. If it is apparent just from reading the letter that it is unclear, as in *id.* at 227; *Bartlett v. Heibl*, *supra*, 128 F.3d at 501; and *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir. 1997), and the plaintiff testifies credibly that she was indeed confused and that, unlike the plaintiff in *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1061-62 (7th Cir. 2000), she is representative of the type of people who received that or a similar letter, no further evidence is necessary to create a triable issue.

But if it is unclear whether the letter would confuse intended recipients of it, then to make out a prima facie case the plaintiff has to go further and present evidence (beyond her own say-so) of confusion, for example in the form of a carefully designed and conducted consumer survey. *Id.* at 1060-62; *Walker v. National Recovery, Inc.*, 200 F.3d 500, 502, 504 (7th Cir. 1999); *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1059-61 (7th Cir. 1999). No survey was

conducted here, but the entire bench was confused about the meaning of the letter until the defendant's lawyer explained it to us at the oral argument, and our confusion, coupled with the plaintiff's affidavit in which she plausibly attested that she had been confused by the letter, is enough to satisfy her burden of proof. For there is no reason to suppose her unrepresentative of the credit card customers to whom such letters are sent; it is not as if the letter would be clear to any reasonably competent English speaker but that unbeknownst to the defendant the plaintiff happens not to have a good command of the English language.

It is impossible to draft a letter that is certain to be understood by every person who receives it; only if it would confuse a significant fraction of the persons to whom it is directed will the defendant be liable. "The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000). But one doesn't have to be ingenious to misread the defendant's letter; one has to be exceptionally ingenious to excavate its meaning.

Some decisions, it is true, say that the letter has to be clear to the *least* sophisticated consumer. They don't mean this literally, because, "literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists," *Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)—which means that he cannot even read, for the literacy rate in the United States is not 100 percent. So those decisions sensibly add, as in *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993), that "courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for

unreasonable misinterpretations of collection notices." See also *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). As we explained in *Gammon*, a more precise benchmark is the understanding of "the unsophisticated debtor," a formulation which "assumes that the debtor is 'uninformed, naive, or trusting,' [but] that statements are not confusing or misleading unless a significant fraction of the population would be similarly misled." *Veach v. Sheeks*, 316 F.3d 690, 692-93 (7th Cir. 2003).

The district judge acknowledged that the defendant's letter had "the potential to confuse an unsophisticated consumer"—called the letter "problematic" and said that it did "a poor job of informing an 'unsophisticated consumer' of what the amount of the debt is." But she thought that this court had established a rule that unless a letter contains an outright contradiction, the plaintiff must present evidence outside of the letter itself and her own testimony. There is no such rule, and it would not be a defensible gloss of the Fair Debt Collection Practices Act. A letter can be confusing even to a sophisticated reader though it does not contain an outright contradiction— witness the defendant's letter in this case.

Our conclusion does not place debt collectors on a razor's edge, where if they say too little they violate the Act by failing to disclose the amount of the debt they are trying to collect and if they say too much they violate the Act by confusing the consumer. If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the "balance" due, stating that the creditor "has assigned your delinquent account to our agency for collection," and asking the recipient to remit the balance listed—and stopping there, without talk of the "current" balance. If, instead, the debt collector is trying to collect the listed balance plus the

interest running on it or other charges, he should use the safe-harbor language of *Miller*: "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number]." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, *supra*, 214 F.3d at 876.

REVERSED AND REMANDED.


A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*