# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 02-2509

DONNA T. TAYLOR, individually and on behalf
of all others similarly situated,

*Plaintiff-Appellant,*

*v.*

CAVALRY INVESTMENT, L.L.C.,

*Defendant-Appellee.*

_____

Nos. 03-2578, 03-2588 & 03-2590

DOUG A. SCHLETZ, *et al.*, on behalf of themselves
and all others similarly situated,

*Plaintiffs-Appellants,*

*v.*

ACADEMY COLLECTION SERVICE, INC.,

*Defendant-Appellee.*

_____

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 786 and Nos. 02 C 6484, 02 C 6953, 02 C 9391—
**James B. Moran**, **Milton I. Shadur**, *Judges.*

_____

ARGUED MARCH 31, 2004—DECIDED APRIL 22, 2004

_____

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*.  We have consolidated for decision the appeals from the dismissal of two closely related cases under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, a statute designed to curb aggressive debt-collection practices. The Act requires, among other things, that any dunning letter by a debt collector state "the amount of the debt" that he's trying to collect. § 1692g(a)(1); *Chuway v. National Action Financial Services Inc.*, No. 03-2158, 2004 WL 614760, at *1 (7th Cir. Mar. 30, 2004); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000).

In the *Schletz* case, with which we begin, the defendant was hired to collect credit-card debt owed by the three plaintiffs. The defendant sent each of them a letter which sets forth the amounts of the "PRINCIPAL BAL," "INTEREST OWING," and "TOTAL BAL DUE." So far, so good. But the letter goes on to say that "if applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor," that is, the issuer of the credit card. The basis for the statement was that every day that the debt remained unpaid, the debtor would be accruing interest for which he might later be billed, as in fact happened with one of the plaintiffs. In the case of the other two plaintiffs, the creditors closed their accounts and upon doing so stopped adding interest, though presumably they could have continued doing so until the debts were paid. The plaintiffs argue that the statement confused them about the amount of the debt that the defendant was trying to collect, and they submitted affidavits to this effect to the district court, which nevertheless granted summary judgment for the defendant.

As we noted just the other day in *Chuway*, a dunning letter must state the amount of the debt sufficiently clearly that

the recipient is unlikely to misunderstand it. See also *Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997); *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991). And the benchmark is the understanding of unsophisticated debtors, who are frequent targets of debt collectors. But a debtor cannot create a triable issue just by submitting an affidavit in which he says that he misunderstood the dunning letter. If it is apparent from a reading of the letter that not even "a significant fraction of the population" would be misled by it—if as in *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000), the interpretation attested to by the plaintiff is a "fantastic conjecture"—the court should reject it without requiring evidence beyond the letter itself. *Veach v. Sheeks*, 316 F.3d 690, 692-93 (7th Cir. 2003); *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060-62 (7th Cir. 2000); *McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054-55 (6th Cir. 1999); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028-29 (6th Cir. 1992). The fact that a lawyer has found three people who are willing to sign affidavits drafted by him stating that they were confused will not create an issue for trial unless the judge reading the letter reasonably concludes that it could well confuse a substantial number of recipients. Unlike the letter at issue in the *Chuway* case, there is nothing in the statement complained of in the letter to Schletz and his coplaintiffs to confuse anyone.

A judge might be mistaken in supposing that a letter that was clear to him was clear to unsophisticated debtors, however, and so it is open to a plaintiff, in any but the clearest case, to present objective evidence of confusion, for example the results of a consumer survey. *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, *supra*, 211 F.3d at 1061-62; *Walker v. National Recovery, Inc.*, 200 F.3d 500, 502,

504 (7th Cir. 1999); *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060-61 (7th Cir. 1999). That at least is the view of our court; other circuits disagree and think that whether a dunning letter is confusing is always a matter of law. E.g., *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n. 2 (3d Cir. 2000). No matter. No survey was conducted here, leaving the plaintiffs' affidavits as the sole, and insufficient, evidentiary basis for supposing that a statement entirely clear on its face is actually unclear.

The plaintiffs have an alternative claim that is downright frivolous—that the statement we quoted from the dunning letter is false, and so violated 15 U.S.C. § 1692e, because two of the creditors did not add interest. The letter didn't say they would, only that they might.

In our other case, *Taylor*, the letter again clearly stated the principal balance, the interest due, and the total balance due, and the main claim is that the further statement that "your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with your creditor" is confusing. It is no more confusing than the statement in the *Schletz* letter. It is the clear statement of a truism.

In addition, however, the letter contains, after a sentence that gives a phone number that the debtor can call "to resolve your account," the statement: "Act now to satisfy this debt." Taylor contends that this injects confusion by obscuring ("overshadowing," as many of the cases say) the debtor's statutory entitlement to a 30-day period in which to dispute the debt and by doing so to compel the debt collector to verify it. *Bartlett v. Heibl, supra*, 128 F.3d at 500-01; *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518-19 (7th Cir. 1997); *Avila v. Rubin, supra*, 84 F.3d at 226; *Miller v. Payco-General American Credits, Inc., supra*, 943 F.2d at 484-85. Not so. The entitlement is clearly stated in the next paragraph of the letter.

"Act now to satisfy your debt" is in the nature of puffing, in the sense of rhetoric designed to create a mood rather than to convey concrete information or misinformation ("Buy Now!" "Best Deal Ever!" "We Will Not Be Undersold!"), as it is perfectly obvious to even the dimmest debtor that the debt collector would *very* much like him to pay the amount demanded straight off, sparing the debt collector any further expense. *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F.3d 1055, 1057 (9th Cir. 2002) (per curiam) ("Use the tear-off portion of this letter . . . to send your payment today"); *Wilson v. Quadramed Corp.*, *supra*, 225 F.3d at 360-61 n. 6 ("avoid further action"); *Terran v. Kaplan*, *supra*, 109 F.3d at 1434.

The only complication in Taylor's case is that the district judge dismissed the case on the pleadings, the only evidence before him being the dunning letter itself, which was attached to the complaint. However, both in his brief and at oral argument Taylor's counsel (the same counsel as in *Schletz*) made clear that the only evidence he would have wanted to present was an affidavit in which Taylor would say that he had been confused by the letter, a form of proof as unavailing in this case as in the other.

The judgments in both cases are therefore

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*