# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 03-2848 & 03-2850

DEBORAH L. OLSON and KEVIN M. SCHULTZ,
individually and on behalf of all others
similarly situated,

*Plaintiffs-Appellants*,

v.

RISK MANAGEMENT ALTERNATIVES, INC.,

*Defendant-Appellee*.

———————

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 02 C 5918 and 02 C 5750—**Harry D. Leinenweber**, *Judge*.

———————

ARGUED JANUARY 15, 2004—DECIDED APRIL 27, 2004

———————

Before COFFEY, KANNE, and EVANS, *Circuit Judges*.

KANNE, *Circuit Judge*. The individual plaintiffs, Deborah Olson and Kevin Schultz, brought identical claims against Risk Management Alternatives, Inc. ("RMA") under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (1998) ("FDCPA"). Each plaintiff asserted that RMA violated § 1692g of the FDCPA by contradicting the required validation notice and violated § 1692g(a)(1) by failing to adequately state the amount of the debt as of the date of the collection letter. The district court granted summary judgment to RMA, and we affirm.

### I.  History

RMA, a "debt collector" subject to the FDCPA, *see* 15 U.S.C. § 1692a(6), sent nearly identical form collection letters to Olson and Schultz. The December 24, 2001 letter to Schultz listed a "Balance" of $4,881.81. The Schultz letter also stated twice that $1,035.00 was "Now Due." In much the same fashion, Olson's March 18, 2002 letter listed a "Balance" of $303.34, then twice stated that $146.00 was "Now Due."

Each dunning letter, RMA's first communication with both of the plaintiffs, contained the statutorily required validation notice at the bottom of the page. The notice in each letter stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify the office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. We are a debt collector, attempting to collect a debt and any information obtained will be used for that purpose.

The validation notice was in the same font, same color, same format, and same size as the rest of the text of the letters, and was also on the same side of the paper as all of the material text.

On August 13, 2002, Schultz filed a complaint against RMA, on behalf of himself and a class of all others similarly situated. Shortly thereafter, on August 20, Olson did likewise. Upon a joint motion for relatedness, Olson's case was transferred to the district court where Schultz's matter was pending.

On June 12, 2003, in an oral ruling, the district court granted RMA's summary-judgment motions in both cases and denied the plaintiffs' motions for summary judgment. These appeals followed, and they were consolidated by this court on August 11, 2003.

## II. Analysis

We review de novo the propriety of summary judgment and questions of statutory interpretation. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 628 (7th Cir. 2002). Our only task in this case is to determine if each letter, on its face, violated § 1692g of the FDCPA as a matter of law.

The FDCPA requires debt collectors to send a written validation notice containing certain information to a consumer debtor within five days after initial communication. *See, e.g.*, *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 324-25 (7th Cir. 2000). The notice must include the amount of the debt, 15 U.S.C. § 1692g(a)(1), the name of the creditor, 15 U.S.C. § 1692g(a)(2), and a statement that, unless the debtor "disputes the validity of the debt . . . the debt will be assumed to be valid by the debt collector[,]" 15 U.S.C. § 1692g(a)(3). In addition, the notice must disclose that the debt collector, upon written request by the debtor within thirty days of receiving the notice, will provide verification of the debt, 15 U.S.C. § 1692g(a)(4), and provide the name and address of the original creditor, if different from the current creditor, 15 U.S.C. § 1692g(a)(5). If, within the thirty-day period, the debtor notifies the debt collector that the debt is disputed or requests the name and address of the original creditor, then the debt collector "shall cease collection of the debt" until the debt collector obtains verification of the debt or the name and address of the original creditor and the requested information is mailed to the debtor. 15 U.S.C. § 1692g(b).

Olson and Schultz make two arguments. First, they assert that twice stating that a portion of a debt is "Now Due" is an outright contradiction of the thirty-day validation notice and thereby violates § 1692g. The second argument is that RMA's letters fail to adequately state the amount of the debt under § 1692g(a)(1) because the letters include two different amounts—the "Balance" and the amount "Now Due."

### A.  The Effectiveness of the Thirty-Day Validation Notice

It is undisputed that RMA's letters include language tracking the text of 15 U.S.C. § 1692g(a). Thus, RMA's initial obligation to provide a validation notice under the FDCPA has been satisfied. Schultz and Olson argue, however, that the inclusion of the phrase "Now Due" twice in the letters contradicts or overshadows the meaning of the validation notice and therefore deprives them of the knowledge that they had thirty days to contest the debt.

"A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). The consumer "is to be protected against confusion, whatever form it takes[,]" be it outright contradiction, literal overshadowing, or the failure to explain an apparent contradiction. *Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997).

In deciding whether the collection letter is confusing, we ask whether the validation notice is likely to be understood by an unsophisticated consumer. *See id.* at 500; *Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003). "This assumes that the debtor is uninformed, naive, or trusting[.]" *Veach*, 316 F.3d at 693 (internal quotations omitted). However, an unsophisticated consumer possesses "rudimentary knowledge about the financial world" and is "capable of making

basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

An unexplained demand for payment within the thirty-day validation period creates confusion by contradicting, and thus rendering ineffective, the validation notice. *See, e.g.*, *Bartlett*, 128 F.3d at 499-501 (holding that a letter with the thirty-day validation notice and a threat that the debtor would be sued if debt was not paid within one week without an explanation of this apparent contradiction violates § 1692g); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir. 1997) (finding that a demand for payment within thirty days contradicts the validation notice); *Avila*, 84 F.3d at 226 (concluding that by following a validation notice with a statement that "if the above does not apply[,]" then the recipient has ten days to pay, eviscerates the validation notice).

We agree with the district court, however, that the words "Now Due," when considered in the context of the letters at issue, do not eviscerate the message conveyed in the debt-validation notice. The phrase "Now Due," even to an unsophisticated consumer, simply means that the debt collector is willing to accept less than the total balance of the debt to bring the account to a current status. The consumer has the option of paying the amount due, paying the total balance, or doing neither and contesting the debt. These options do not contradict one another. When used in conjunction with a "Balance" figure, simply listing an amount "Now Due" does not contradict or overshadow the validation notice.

## B.  The Amount of the Debt

The FDCPA requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the

consumer a written notice containing—(1) the amount of the debt[.]" 15 U.S.C. § 1692g(a). Schultz and Olson argue that by using two different numbers on the dunning letters—one for the balance and one for the amount now due—RMA failed to state clearly the amount of the debt.

The cases cited by Olson and Schultz in support of their position are inapposite because the dunning letters in those cases did not state the full amount of the debt anywhere in the letter. *See Veach*, 316 F.3d at 692 (letter stated that the consumer owed additional, unspecified attorney's fees and court costs which was untrue because a court had not ruled on the matter); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000) (letter required the consumer to call a toll-free number to determine the full amount of the debt). The RMA letters in the instant case prominently display the "Balance" near the top of the letters.

We conclude that an unsophisticated consumer, able to make "basic logical deductions and inferences" and to not interpret collection letters "in a bizarre or idiosyncratic fashion," *Pettit*, 211 F.3d at 1060, would understand that the amount of the debt is the "Balance" and that the amount "Now Due" is the portion of the balance that the creditor will accept for the time being until the next bill arrives.

### III. Conclusion

For the foregoing reasons, we AFFIRM the grant of summary judgment to RMA in both cases.

**A true Copy:**

**Teste:**

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*

USCA-02-C-0072—4-27-04