In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 06-4338

CHRISTOPHER BARNES, JANEL MOSER, and
KRISTINE NIMMER,

*Plaintiffs-Appellants,*

*v.*

ADVANCED CALL CENTER TECHNOLOGIES, LLC,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05 C 774—**Aaron E. Goodstein,** *Magistrate Judge.*

---

ARGUED MAY 21, 2007—DECIDED JULY 12, 2007

---

Before RIPPLE, WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Advanced Call Center Technologies, LLC (ACCT) is a debt collection agency. Hired by MBNA America Bank to collect past-due credit card payments, it sent standard form dunning letters to Plaintiffs, each of whom were delinquent in making required minimum monthly payments against their respective account balances. The letters explained that the named credit account had been listed with the agency for collection, listed the past-due amount as the "Current Amount Due," and promised that "[i]f paid in

full to MBNA America,[1] all collection activity will be stopped."

Plaintiffs filed suit, alleging that the letters violated certain provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1601 *et seq.*, enacted by Congress in 1996 to curb abusive practices on the part of debt collectors. ACCT's motion for summary judgment was granted by Magistrate Judge Aaron E. Goodstein, who heard the case with the consent of the parties. The Plaintiffs have appealed and, for the reasons that follow, we affirm.

Grants of summary judgment are reviewed *de novo. Gillespie v. Equifax Information Svcs., L.L.C.*, 484 F.3d 938, 940 (7th Cir. 2007). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the record in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Plaintiffs first allege violations of FDCPA § 809. Under the relevant language of that provision:

> (a) . . . Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communica-

---

[1] Plaintiff Kristine Nimmer's letter referred not to MBNA America but to "Bankcard Services," another name for the same entity. In all other respects, Plaintiffs' dunning letters were identical.

tion or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt[.]

15 U.S.C. § 1692g. Plaintiffs argue that ACCT's letters fail to state "the amount of the debt" and are therefore not in compliance. On their theory, "the amount of the debt" is not the amount past due currently sought by the debt collector; it is the consumer's overall credit card balance with MBNA. Citing our decision in *Olson v. Risk Management Alternatives, Inc.*, 366 F.3d 509 (7th Cir. 2004), they describe their argument to the district court this way:

> The plaintiffs never argued that a debt collector has to provide both the past due amounts and the balance; rather, the plaintiffs only argued that the "amount of the debt" had to be specified, and stating the "Current Amount Due" inherently suggests that the amount of the debt is [sic] different number altogether. The District Court missed the point of *Olson*: a statement of total amount due is required under the statute, the additional information, meaning the amount of the debt past due, is not required under the statute (but its inclusion does not necessarily violate the statute.)

  There are several problems with this argument. First, Plaintiffs' argument misstates the import of our holding in *Olson*. In that case, two debtors sued a collection agency after receiving dunning letters that listed both the amount past due sought by the agency and each consumer's overall credit card balance. They argued that the inclusion of both amounts would confuse an unsophisticated consumer (the objective standard we apply in such cases, *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997)) as to the amount of the debt. We rejected that theory, noting that earlier cases in which we concluded that dunning letters did not properly state "the amount of the debt" found problems not with listing too

much information but with failing to state anywhere the exact dollar amount owed. *See Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003) ("[B]y stating the amount of the debt as $1,050, Sheeks took it upon himself to hold Veach liable for legal penalties that had not yet been awarded, penalties that for FDCPA purposes should have been separated out from the amount of the debt."); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000) (finding violation where dunning letter described debt not only as listed amount of unpaid principle but also unspecified fees, interest, and penalties to be determined upon a phone call to collector).

Ignoring this, the Plaintiffs in our case interpret *Olson*'s conclusion that including the total credit card balance need not violate the FDCPA to mean that the entire credit card balance is the "amount of the debt" under § 809 and therefore *necessary* for compliance. But *Olson* certainly did not hold this, because it would be absurd: as Plaintiffs themselves articulate with an apparently straight face, if the total credit card balance really is "the amount of the debt," then a dunning letter providing only the total credit card balance that did not even mention the amount actually sought by the debt collector would be in compliance. Such a reading of the statute would defeat the provision's very purpose by increasing the confusion: a recipient would know neither the amount sought by the dunning letter nor the fact that she was not required to pay off her credit card balance in full.

Besides, Plaintiffs' argument seems to forget who the defendant is. ACCT, not MBNA, is the collector here, so the "amount of the debt" must be that owed to the former, meaning the amount past due. Whatever may be owed to MBNA, or for that matter to any other of Plaintiffs' creditors, is of no consequence to this case. This is made clear in *Chuway v. National Action Financial Services Inc.*,

362 F.3d 944, 947 (7th Cir. 2004), another case that Plaintiffs incorrectly cite in their favor. Only the past due amount, the amount owed ACCT, can be the "amount of the debt" under § 809(a)(1).

Still, as noted in *Chuway*, "[i]t is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Id.* at 947-48. That case held that § 809(a)(1) was violated where a debt collector's letter, which listed the amount sought, $367.42, as the "balance," also included a confusing statement that explained to recipients how to receive their "most current balance information." Although that language referred to the balance owed not to the debt collector but to the credit card company, which could therefore not be part of "the amount of the debt" under the circumstances, we found that the FDCPA was violated, expressing a concern that the "most current balance" language might confuse a debtor into believing that the "amount of the debt" owed to the debt collector was somehow more than the $367.42. *Id.* at 947.

But the clarity standard, also implied in *Veach* and *Miller*, is met here. Although the letters inform Plaintiffs that "MBNA may continue to add interest and fees as provided in your agreement," there is nothing describing these speculative amounts in terms of the "Current Amount Due" or suggesting that they are owed to ACCT. More importantly, a "tearoff" section of the letter that Plaintiffs are directed to return with their payments lists the "Current Amount Due" and nothing more. Absent some particularly ambiguous language in the rest of the letter, we cannot see how an unsophisticated consumer would interpret the tearoff to indicate that anything other than the "Current Amount Due" was "the amount of the debt."

Plaintiffs seem to suggest that the use of the term "amount of the debt" is required in the letter. But we

have never held this to be the case. Although replacing "Current Amount Due" with "Amount of the Debt" might have been the easiest way for ACCT to comply with the FDCPA, requiring that action would relieve the unsophisticated consumer from the minimal obligation to be "able to make 'basic logical deductions and inferences' and to not interpret collection letters 'in a bizarre or idiosyncratic fashion . . . .'" *Olson*, 366 F.3d at 513.

Finally, Plaintiffs allege that the statement in the dunning letters that ""[i]f paid in full to MBNA America, all collection activity will be stopped" violates FDCPA § 807, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiffs argue that an unsophisticated consumer would believe the statement to mean that payment of the Current Amount Due would terminate all further obligations not only to ACCT, but also to MBNA, including the remaining balance on one's credit card.

But, as we have just said, the unsophisticated consumer is not relieved of all responsibility. A simple example illuminates the problem: Suppose a consumer has a $10,000 credit card debt. Under Plaintiffs' theory, he will believe the statement in the dunning letter that "all collection activity will be stopped" to mean that payment of a far smaller Current Amount Due, say $200, will relieve him of all obligations to the credit card company, giving him a windfall of $9,800. By going delinquent and paying 2 percent of his debts, he is completely freed from an onerous debt burden. It should be clear that such a conclusion describes precisely the kind of bizarre or idiosyncratic interpretation that even the unsophisticated consumer should not be expected to make. *See Olson*, 366 F.3d at 513.

The decision of the district court is AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*