In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 13-2084, 13-2164, 13-2297 & 13-2351

JOHN GRUBER, et al.,

*Plaintiffs-Appellants,*

*v.*

CREDITORS' PROTECTION SERVICE,
INC., et al.,

*Defendants-Appellees.*

Appeals from the United States District Court for the
Eastern District of Wisconsin.
No. 12-CV-1243 — **Lynn Adelman**, *Judge.*
No. 13-CV-378 — **William E. Callahan, Jr.**, *Magistrate Judge.*
No. 13-CV-386 — **Nancy Joseph**, *Magistrate Judge.*
No. 13-CV-70 — **Patricia J. Gorence**, *Magistrate Judge.*

ARGUED NOVEMBER 13, 2013 — DECIDED JANUARY 23, 2014

Before MANION, KANNE, and HAMILTON, *Circuit Judges.*

MANION, *Circuit Judge.* Four plaintiffs filed separate lawsuits against four separate defendants, alleging that similar debt collection letters were sent in violation of 15 U.S.C. § 1692g(a)(4) of the Fair Debt Collection Practices Act (the

"Act"). A district judge and three magistrate judges, all sitting in the Eastern District of Wisconsin, dismissed the respective actions for failure to state a claim. The plaintiffs appealed. We consolidated these appeals and now affirm.

## I. BACKGROUND

Between 2012 and 2013, plaintiffs[1] received letters from defendants[2] that read, in pertinent part, as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.

The first sentence of this notice is an attempt to comply with § 1692g(a)(3), which requires the debt collector to include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." The second sentence is an attempt to comply with § 1692g(a)(4), which requires the debt collector to include

---

[1] The four plaintiffs named in these consolidated appeals are John Gruber, Lee Schaefer, Thomas Borucki, and Karen A. Kryscio.

[2] The four defendants named in these consolidated appeals are Creditors' Protection Service, Inc., Tri-State Adjustments, Inc., Vision Financial Corp., and National Account Systems of Madison, Inc.

a "statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." Plaintiffs claim that the letter does not adequately provide the notice required by § 1692g(a)(4).

Because the second sentence in the notice omits the phrase "that the debt, or any portion thereof, is disputed," the plaintiffs contend that it directs the consumer to request verification instead of directing the consumer to dispute the debt. In other words, under the plaintiffs' theory, the second sentence should have read, "[i]f you notify this office within 30 days from receiving this notice *that you dispute the debt or any portion of the debt,* this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification." Additionally, one of the consolidated plaintiffs' letters contained the statement: "[w]e believe you want to pay your just debt" immediately preceding the notice language above. She alleges that using the phrase "just debt" is misleading and suggests that the debt's validity has been confirmed. We address these two arguments in turn.

## II. ANALYSIS

Claims brought under the Fair Debt Collection Practices Act are evaluated under the objective "unsophisticated consumer" standard. *Bartlett v. Heibl,* 128 F.3d, 497, 500 (7th Cir. 1997); *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir. 1996). Although the hypothetical unsophisticated consumer is not as learned in

commercial matters as are federal judges, he is not completely ignorant either. *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). On the one hand, the unsophisticated consumer may be "uninformed, naive, or trusting," but on the other hand the unsophisticated consumer does "possess[] rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Id.* (citations omitted). Additionally, while the unsophisticated consumer "may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Id.* If not even "a significant fraction of the population would be misled" by the debt collector's letter, then dismissal is required. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (citing *Taylor v. Cavalry Inv. LLC,* 365 F.3d 572, 574 (7th Cir. 2004)). In short, the unsophisticated consumer is not the *least* sophisticated consumer. With this legal framework in mind, we review *de novo* the dismissal of an action brought under the Act, accepting all well-pleaded facts as true and construing all inferences in favor of the plaintiffs. *Id.* at 634.

## A. Defendants' letters to plaintiffs do not violate § 1692g(a)(4) of the Act

Plaintiffs' core argument is that because the second sentence of the defendants' letters omits the phrase "that the debt, or any portion thereof, is disputed," it creates the risk that an unsophisticated consumer who may wish to exercise his rights would fail to properly do so. Specifically, the unsophisticated consumer might be misled to request verification instead of to dispute the debt. The problem for the plaintiffs is that "the

consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it." *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) (citations omitted). In other words, a request to verify the existence of a debt constitutes a "dispute" under the Act. *Id.* This makes sense because unsophisticated consumers cannot be expected to assert their rights in legally precise phrases. *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003). So even if there is a *literal* distinction between requesting verification of a debt and disputing a debt, we treat a request for verification as a dispute within the meaning of the Act. *DeKoven*, 599 F.3d at 582.

Thus, if a consumer wrote and sought verification, he would be disputing the debt for the purposes of the Act, and would be entitled to all of the same protections afforded under the Act as if he had written to dispute the debt. Unsurprisingly, plaintiffs fail to cite a single case supporting their reading of § 1692g(a)(4)—that requesting verification of a debt is not a dispute of the debt. Moreover, all four judges below interpreted the second sentence to mean "if you object to our allegation that you owe this debt, we'll send you proof that you owe it." This interpretation is the most natural one and one an unsophisticated consumer would take. Accordingly, we conclude that as a matter of law, defendants' notices comply with § 1692g(a)(4).

## B. The statement "[w]e believe you want to pay your just debt" does not violate the Act

Additionally, one of the plaintiffs argues that because the statement "[w]e believe you want to pay your just debt"

appears immediately before the obligatory § 1692g language, it overshadows and is inconsistent with the notice, rendering the letter misleading in violation of the Act. Alternatively, she argues that the phrase "just debt" implies that judgment has already been rendered against the recipient of the letter. We disagree.

The plaintiff cites cases in support of her contention that the phrase "just debt" overshadows the notice and influences unsophisticated consumers into thinking a judgment was already entered in violation of the Act. These cases are distinguishable because they involved notices containing incoherent and contradictory language. For example, in *Avila v. Rubin,* 84 F.3d 222 (7th Cir. 1996), the disputed notice informed the consumer of his right to dispute or verify the debt. *Id.* at 226. However, the notice was followed by the language "[i]f the above does not apply to you, we shall expect payment … within ten (10) days from the date of this letter." *Id.* There we held that "telling a debtor he has 30 days to dispute the debt and following that with a statement that '[i]f the above does not apply' you have ten days to pay up or real trouble will start is entirely inconsistent" with the Act. *Id.* Similarly, in *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997), the disputed letter notified the consumer of his right to dispute or verify the debt within 30 days, but also stated that the debtor must pay or make arrangements for payment within one week of receiving the letter to avoid legal action. *Id.* at 499. We held that the letter was confusing because it failed to explain how the demand for payment within one week and the consumer's right to demand verification within 30 days fit together. *Id.* at 500. *See also Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518–19 (7th Cir.

1997) (30-day period to make payment inconsistent with 30-day window to dispute debt). Finally, in *Chuway v. Nat. Action Fin. Servs, Inc.*, 362 F.3d 944 (7th Cir. 2004), the issue was whether the letter clearly stated the amount of the debt the debt collector was attempting to collect. *Id.* at 946–47. The letter stated the balance was $367.42. However, the letter also directed the consumer to call a 1-800 number to obtain current balance information. *Id.* at 947. We deemed the letter confusing to the unsophisticated consumer because its reference to the "current balance" could be interpreted to mean that the debt collector was trying to collect a debt higher than $367.42 that could only be discovered by calling the 1-800 number. *Id.* at 947–48. Here, plaintiffs do not allege that the amount of the debt is unclearly stated.

Unlike the notices in *Avila*, *Bartlett*, *Chauncey*, and *Chuway*, a letter containing the statement "[w]e believe you want to pay your just debt" does not direct the consumer to take any action within the 30-day validation period. It does not direct the consumer to take any action at all. It merely characterizes the debt as "just." Considered in the context of the notices in this record, the phrase "just debt" is a congenial introduction to the verification notice and is best characterized as "puffing, in the sense of rhetoric designed to created a mood … ." *Taylor v. Cavalry Inv., LLC,* 365 F.3d 572, 575 (7th Cir. 2004). Puffery does not violate § 1692g(a)(4). *Id.* Consequently, the statement "[w]e believe you want to pay your just debt" does not violate the Act.

### III. CONCLUSION

The defendants' notices to the plaintiffs did not violate § 1692g(a)(4) of the Act because any written request for verification of the debt constitutes a dispute for the purposes of the Act. Furthermore, the statement "[w]e believe you want to pay your just debt" does not violate the Act because it is mere puffery. For the foregoing reasons, we AFFIRM the judgments entered for the defendants.