In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2045

CHRISTOPHER TINSLEY,

*Plaintiff-Appellant*,

*v.*

INTEGRITY FINANCIAL PARTNERS, INC.,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 7925—**James F. Holderman**, *Chief Judge*.

SUBMITTED OCTOBER 21, 2010—DECIDED FEBRUARY 11, 2011

Before EASTERBROOK, *Chief Judge*, and MANION and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. After being dunned for a debt, Christopher Tinsley retained a lawyer, who sent the debt collector (Integrity Financial Partners) a letter stating that Tinsley refuses to pay and lacks assets that the creditor could seize. The letter concluded: "we request that you cease all further collection activities and direct all future communications to our office." The

debt collector has refrained from calling or writing to Tinsley but did call the lawyer with a request for payment. Tinsley then filed this suit under 15 U.S.C. §1692c(c), a section of the Fair Debt Collection Practices Act that, Tinsley contends, prohibits debt collectors from contacting a debtor's legal counsel as well as the debtor himself, once the debtor refuses to pay.

Here is the text of §1692c(c):

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
>> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>>
>> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>>
>> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

The district court concluded that a lawyer is not "the consumer" and granted summary judgment to the debt

collector. The court relied on §1692c(d), which defines the word "consumer" for the purpose of §1692c to include "consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." This list excludes lawyers, the court observed.

Tinsley's principal argument on appeal is that, whether or not a debtor's lawyer is "the consumer", the lawyer is the debtor's agent, so notice to the lawyer should be treated as notice to the debtor. Tinsley observes that 15 U.S.C. §1692a(2) defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Anything a debt collector says to a debtor's lawyer is an indirect communication to the debtor. Our opinion in *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. 2007), relied on §1692a(2) when holding that documents sent to a debtor's lawyer must contain the information that is required to be in documents sent directly to the debtor. Accord, *Allen v. LaSalle Bank, N.A.*, 2011 U.S. App. LEXIS 587 at *9 (3d Cir. Jan. 12, 2011). It follows, Tinsley maintains, that, once a debtor invokes his rights under §1692c(c), any communication to either the debtor or his lawyer is forbidden, unless it comes within one of the subsection's three provisos. At least one district judge has accepted this argument, *Startare v. Credit Bureau of North America, LLC*, 2010 U.S. Dist. LEXIS 54830 (N.D. Ill. June 3, 2010), though as far as we can tell no appellate court has done so. (Nor has any appellate court rejected it; this appears to be the first time the issue has reached a court of appeals.)

The language of §1692c(c), read together with §1692a(2) and the rule that a communication to an agent is deemed to be a communication to the principal, supports Tinsley's argument. But we have yet to consider subsections (a) and (b) of §1692c, which put matters in a different light. Here is the full text of §1692c:

**Communication in connection with debt collection**

**(a) Communication with the consumer generally**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a com-

munication from the debt collector or unless the attorney consents to direct communication with the consumer; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

**(b) Communication with third parties**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**(c) Ceasing communication**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

> (1) to advise the consumer that the debt collec-
> tor's further efforts are being terminated;

> (2) to notify the consumer that the debt collec-
> tor or creditor may invoke specified remedies
> which are ordinarily invoked by such debt
> collector or creditor; or

> (3) where applicable, to notify the consumer
> that the debt collector or creditor intends to
> invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

**(d) "Consumer" defined**

For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

Subsections (a) and (b) provide valuable context. Tinsley's argument makes hash of them, because if the word "consumer" is replaced by "lawyer" (whether because a lawyer is a "consumer" or because a communication to a lawyer is an indirect communication to a consumer) both subsections become gibberish.

Subsection (a)(2) tells us that a debt collector who knows that a consumer is represented by an attorney must communicate only with the lawyer. Replace the word "attorney" in this subsection with "consumer," and it goes haywire. It would then say that, if a debt collector knows that a consumer is represented by a consumer,

the debt collector must communicate with the consumer rather than the consumer. The problem is not simply that the words "consumer" and "attorney" must mean different things in this subsection (which in connection with §1692c(d) implies that they mean different things throughout §1692c). It is that the point of subsection (a)(2) is to tell the debt collector that it is OK to communicate with the debtor's attorney even when it is forbidden to communicate with the debtor. On Tinsley's understanding of "consumer" and §1692a(2), by contrast, once a debt collector knows that a debtor has a lawyer, it becomes illegal to communicate with either the debtor or the lawyer—because any communication with the lawyer is an "indirect" communication with the client, and thus forbidden. That would be an implausible understanding of §1692c(a)(2). Why would Congress have provided that hiring a lawyer makes it impossible for the debtor and debt collector to communicate through counsel?

Suppose that, after a debtor hires a lawyer, the debt collector approaches counsel with a settlement proposal. You can't negotiate terms without first demanding (some) payment. Subsection (c)(2) and (3) permits the debt collector to inform counsel that a suit is impending. If that's permissible, settlement negotiations also should be possible, so that litigation can be averted. Yet any settlement proposal made to the lawyer would have to be discussed with the client, which would amount to an indirect communication to the consumer. Tinsley's understanding of §§ 1692a(2) and 1692c would throw a monkey wrench into ordinary pre-litigation discussions between lawyers.

Now consider subsection (b). This subsection says that, except with a debtor's or a court's permission (or in connection with post-judgment proceedings), a debt collector must not communicate with persons "other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Once again this tells us that "consumer" and the debtor's "attorney" mean something different. An unavoidable implication of subsection (b) is that it is permissible to communicate with the consumer's attorney whether or not the consumer or a court has approved in advance. On Tinsley's reading of "consumer" and §1692a(2), however, this subsection loses its meaning.

Because Tinsley's understanding causes serious problems for the structure and operation of subsections (a)(2) and (b), and is not supported by subsection (d)—which, recall, does not include the debtor's lawyer in the definition of "consumer"—we conclude that §1692c as a whole permits debt collectors to communicate freely with consumers' lawyers. A debtor who does not want to be pestered by demands for payment, settlement proposals, and so on, need only tell his lawyer not to relay them.

This conclusion is consistent with *Evory*, which did not concern §1692c. To the contrary, the holding of *Evory* that debt collectors must furnish debtors' lawyers with the same information that goes in notices sent directly to debtors supposes that debt collectors are free to contact debtors' known lawyers under §1692c(a)(2) and (b),

something that Tinsley's interpretation of the statute would forbid. Integrity Financial Partners did just what Tinsley's lawyer requested: it "direct[ed] all further communications to our office." Doing this did not violate the Act.

AFFIRMED