# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-2334

MISTY M. ZEMECKIS,

*Plaintiff-Appellant,*

*v.*

GLOBAL CREDIT & COLLECTION CORPORATION,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 11 C 0701—**Blanche M. Manning**, *Judge.*

ARGUED MARCH 27, 2012—DECIDED MAY 11, 2012

Before FLAUM, WILLIAMS, and TINDER, *Circuit Judges.*

FLAUM, *Circuit Judge.* In 2010, Misty Zemeckis ("Zemeckis") owed Capital One Bank money. Capital One Bank retained Global Credit & Collection Corp. ("Global Credit") to collect her debt. Global Credit, in turn, sent Zemeckis a dunning letter, which included a notice of her debt validation rights. Zemeckis claims, however, that the letter's content as a whole overshadowed the debt validation notice, thereby violating

Section 1692g of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692g. The district court disagreed and dismissed her claim. *See* FED. R. CIV. P. 12(b)(6). She presently appeals, arguing that the district court improperly rejected her request to conduct a consumer survey in order to prove that Global Credit's letter was confusing. We affirm the district court.

## I. Background

On March 29, 2010, Global Credit, a debt collection company, sent Zemeckis a letter prompting her to pay her debt to Capital One Bank. Zemeckis, maintaining that the letter's content violated the FDCPA, brought a class action law suit against Global Credit. The letter's insistent language and repeated threats of legal action against her, she claimed, created a false sense of urgency that overshadowed statutorily mandated language informing her that she had thirty days to contest the validity of the debt. In particular, the letter "urge[d] [her] to take action now," as well as to "[c]all [Global Credit's] office today . . . ." It also stressed Capital One Bank's right to pursue legal action against her, warning that "[her] account now meets . . . [the] guidelines for legal action" and that "Capital One Bank (USA), N.A. may be forced to take legal action." Juxtaposed against the validation notice, which Global Credit placed on the back of the debt collection letter, the letter's language and structure obscured her legal rights and thwarted the notice required by the FDCPA.

Zemeckis contended that, in the alternative, the issue of whether the letter violated the FDCPA was an issue

of fact, and requested that the district court permit her to conduct a consumer survey to test the overshadowing or confusing nature of the letter.

On March 24, 2011, Global Credit filed a motion to dismiss under Rule 12(b)(6). The district court granted the motion, finding, first, that our precedent dismisses language like "act now" as puffery that does not subvert a debtor's notice of his thirty-day validation right. The district court concluded, second, that our case law upholds the placement of the mandatory validation notice on the back of a collection letter as comporting with the FDCPA, especially when clear language on the front of the letter instructs the debtor to read the back of the letter for important information. Accordingly, the district court ruled that the letter was permissible under the FDCPA as a matter of law and denied Zemeckis' request to conduct a consumer survey. She appeals.

## II. Discussion

We review the grant of a motion to dismiss de novo, accepting all well-pled facts as true and construing all inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404

(7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").

### A. Zemeckis Fails to State a Claim Under FDCPA Section 1692g

Under Section 1692g, a debt collector's dunning letter to a debtor must contain:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Section 1692g also dictates that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to

dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).[1]

As we evaluate a debt collection letter's compliance with the FDCPA, we apply the "unsophisticated consumer" standard. *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996). The letter must be clear and comprehensible to an individual who is "uninformed, naïve, [and] trusting," *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003), but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences, *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). Furthermore, "a significant fraction of the population" must find the letter confusing in order to violate Section 1692g(b)'s prohibition of inconsistent or overshadowing language. *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004).

Zemeckis contends that Global Credit's letter is confusing to the unsophisticated consumer. The letter marries commands to act "now" and call Global Credit "today" with threats of legal action, fostering the im-

---

[1] Section 1692g(b) was amended to proscribe overshadowing collection activities in 2006. Zemeckis argues that cases decided before the amendment are therefore irrelevant or less persuasive. However, the statutory amendment merely codified a rule that the courts had already instituted. *See, e.g.*, *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) ("[T]he implied duty to avoid confusing the unsophisticated consumer can be violated by contradicting or 'overshadowing' the required notice."). We, therefore, consider with equal attention cases decided before or after the 2006 amendments.

pression that legal consequences are imminent if she does not pay the debt or contact them posthaste. This impression, she posits, inevitably and irreparably obscures her thirty-day window to contest the debt—notice of which Global Credit included, but unhelpfully placed on the letter's backside.

As a general matter, we view the confusing nature of a dunning letter as a question of fact, *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007), that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion. *See McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." (internal quotation marks omitted)). Nevertheless, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Taylor*, 365 F.3d at 574 (internal quotation marks omitted).

In analyzing whether a letter, on its face, contravenes Section 1692g(b), this Court has distinguished between language rushing the debtor to take action—to "act now"—and provisions that set deadlines contrary or contradictory to the thirty-day validation period. *Compare Taylor*, 365 F.3d at 575 (upholding as not confusing a dunning letter instructing the recipient to "[a]ct now to

satisfy this debt"), *with Bartlett v. Heibl*, 128 F.3d 497, 499, 502 (7th Cir. 1997) (rejecting as confusing a letter that contained notice of the thirty-day validation period, but also demanded that the debtor pay $316 toward his debt or call the creditor within a week to avoid legal action), *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518, 519 (7th Cir. 1997) (rejecting as contradictory a letter that required receipt of payment within thirty days, thereby truncating a debtor's validation period), *and Avila*, 84 F.3d at 226 (rejecting as confusing a letter that followed its validation notice with a sentence stating, "[i]f the above does not apply to you, we shall expect payment . . . to be made within ten (10) days from the date of this letter"). We identify the former language as puffery, as "rhetoric designed to create a mood rather than to convey concrete information or misinformation." *Taylor*, 365 F.3d at 575. Puffery, without more, does not violate Section 1692g(b). Even the most unsophisticated debtor would realize that debt collectors wish to expedite payment, and urging him to hurry does not confuse or undermine his right to his validation period. *See id.* at 575-76.

The dunning letter that Global Credit sent to Zemeckis, at worst, contains puffery. Its suggestions to "take action now" and call "today" did not impose a deadline that contradicted her right to a thirty-day validation period. The requests that she call "now" or "today" were not tantamount to a request for payment, nor would an unsophisticated consumer understand them as such. *Accord Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997) (holding that a request for immediate

telephone contact does not overshadow the mandated validation notice, especially since "the challenged language . . . [did] not require *payment* immediately" (emphasis in original) (internal quotation marks omitted)).

Global Credit's repeated threat of legal action similarly fails to convert the letter's puffery into a contradictory payment deadline. The letter warns only that Capital One Bank had the right to pursue legal action. It did not go so far as to mention that it had the right, as do all creditors, to initiate suit during the validation period, *see Bartlett*, 128 F.3d at 501. That information, if included, would have rendered the letter even more threatening and still would not have risen to a violation of Section 1692g(b). As written, the letter alerted Zemeckis only to the possible repercussions she faced for failing to pay.

Finally, locating the validation notice on the back of the letter, while undesirable, does not engender confusion sufficient to state a claim under the FDCPA. We rejected an identical argument in *Sims v. GC Services L.P.*, 445 F.3d 959, 963 (7th Cir. 2006), in which a debt collector placed the validation notice on the back of a collection letter. In *Sims*, the letter's front instructed the debtor, in bold, red, capitalized letters to "see reverse side for important consumer information." *Id.* at 964. We concluded that this warning adequately advised the uninformed consumer where to locate the relevant information about his rights and mitigated his risk of confusion. *Id.* at 964. The letter in this case

proves virtually indistinguishable from that in *Sims*, warning, on the front of the letter and in all capital letters, that Zemeckis should "see [the] reverse side for important information." Global Credit also wrote the validation notice in bold typeface, making it easier to read than the notice we upheld in *Sims*, which was penned in gray ink. *See id.* at 961. While we in no way laud Global Credit's dunning letter as ideal or as an example of debt collection at its finest, *cf. Bartlett*, 128 F.3d at 501-02 (offering a model letter as guidance for complying with Section 1692g), neither its structure nor its diction cloud its meaning such that an unsophisticated consumer could not understand it or his rights. As a matter of law, Zemeckis fails to state a claim under Section 1692g(b), and the district court properly granted Global Credit's motion to dismiss.

**B.   Denial of Opportunity to Submit Extrinsic Evidence**

Because we find the dunning letter clear on its face, we similarly affirm the district court's decision to dismiss Zemeckis' claim before she had the opportunity to conduct a consumer survey. We support consumer surveys as one means by which to illustrate the confusing nature of a dunning letter, *see McMillan*, 455 F.3d at 758 (quoting *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999)), but we decline to consider surveys when "no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that . . . violate[s] [Section 1692g(b)]." *Id.* at 760. As Global Credit's dunning letter

was clear as a matter of law, *see supra* Part II.A, we reject the need for a clarifying consumer survey in this case.

## III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.