BALDOCK, Circuit Judge,
dissenting.
As always, Judge Selya’s prose is eloquent and his analysis thorough. Regrettably, I cannot join, as I do not believe this letter violated § 1692g.
Defendant’s letter did not explicitly demand immediate payment or payment sooner than thirty days, and Defendant included Plaintiffs rights to dispute the debt and to request information on the front of the only page, in legible font. This much is undisputed and, in my view, should settle the debate as it distinguishes virtually all cases detailing § 1692g violations.[8] Nevertheless, this court finds a statutory breach.
The court, as I read it, initially reasons Defendant implicitly demanded immediate payment by expressing an intent to litigate immediately. But, the court later admits — as it must — that Defendant could indeed litigate immediately without violating § 1692g. See Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir.1997) (“The debt collector is perfectly free to sue within thirty days.”). Going further, Plaintiff herself confesses “[d]ebt collectors are free to tell consumers that, absent payment, the collector will file a lawsuit without delay.” Resp. Br. at 5 (emphases added); see also Zemeckis v. Global Credit & Collection Corp., 679 F.3d 632, 636-37 (7th Cir.2012) (“Global Credit’s repeated threat of legal action ... fails to convert the letter’s puffery into a contradictory payment deadline.”). So, if debt collectors are free to litigate immediately, and free to tell consumers they will litigate immediately sans payment, how is this letter improper? Plaintiff theorizes collectors “must use transitional or explanatory language” when they threaten prompt litigation, lest the threat negate the disclosure of Plaintiffs rights to dispute and to gather information. Yet the court (rightly) rejects this theory: “[T]he FDCPA,” it writes, “does not require any such language.” Apparently, a litigation threat and a disclosure of consumer rights can coexist absent explanation — so long as the letter does not otherwise confuse. So, aside from lawful litigation threats, how would this letter confuse?
The court gives two reasons. First, the court finds significant Defendant’s use of law firm letterhead and a lawyer’s signature. The statute does not mention this, however, and the court cites no case law directly on point, despite an abundance of *109 existing § 1692g cases.[9] Second, the court opines that a sentence in the final paragraph of the validation notice is “unintelligible.” I do not see it that way. The sentence in question has a single typo.[10] I am not inclined to find a statutory violation based on an insubstantial typo. More importantly, rather than confuse, the sentence merely lays out the same two propositions discussed above: (1) the consumer has “a thirty (30) day period to dispute the debt”, which is true, and (2) Defendant may still file a lawsuit within this thirty-day window, which is also true. Put another way: The aspect of this letter most relied upon to hold a consumer would be confused about her right to dispute the debt is a sentence that reiterates a consumer has a right to dispute the debt. I fail to discern the problem.
In conclusion, the letter as a whole is relatively straightforward and does not “overshadow” or contradict the disclosure of consumer rights. Even an unsophisticated consumer would not be confused here. See Fed. Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 510 (6th Cir.2007) (least sophisticated consumer would read material “carefully” and “in its entirety”).
I respectfully dissent.
APPENDIX A
THE LAW OFFICE OF MANDY L. SPAULDING
P.O. Box. 826 North Attleboro, MA 02761
www.mispatficlingiaw.corn
Mandy I., Spaulding (Licensed In MA)
Nicholas M. Amaral (Licensed in MA arid RI)
Telephone: (508) 643-7200
Facsimile: (508) 809-4634
October 23, 2012
Re: File Number: 12912
Original Crecliror: CONFIN FIRST BANK OF DELAW
Original Account Number: 5126070001264952
Amount: $611.84
Dear Robbie Stefanowich:
I have been retained by Debt Management, Inc., successor in interest to and legal title holder of rho above captioned debt. I have been asked by my client to collect from you the entire balance noted above that you owe on your delinquent account.
This is the first letter being sent to you by my of office, following attempts by the original creditor and a collection agency to reach you to resolve this matter. I am not inclined to use further resources attempting to collect this debt before filing suit.
I have been retained to collect this debt through whatever legal means are available and without your cooperation, I am obligated to my client to pursue the next logical course of action without delay.
While payments can always be made by calling our office to set up payments via phone or mailing payments to the above address, you can also make payments via *110 our website (above), or Money Gram which is it service available at your local Shaw’s or Walmart. For a Money Gram payment you will need a six digit account number which is the File Number listed above followed by as many 0’s needed to be six digits, anti our receive code which is 6061.
Thank you for your cooperation in this matter.
Very truly yours,
Mandy Spaulding
Mandy L. Spaulding, Esq.
MS/ms
NOTICE OF IMPORTANT RIGHTS
Pursuant in the Fair Debt Collection Practices Act (“FDCPA”) (15 U.S.C. § 1692), a consumer debtor is required to be sent the following notice: (1) unless the consumer, within thirty (30) days after receipt of this notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector; (2) if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer, and copy of such verification or judgment will be mailed to the consumer by the debt collector; and (3) upon the consumer’s written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
The Law Office of Mandy L. Spaulding is acting as a debt collector pursuant to the FDCPA and any information obtained will be used for that purpose. We further inform you that despite the fact that you have a thirty (30) day period to dispute the debt may not preclude the filing of legal action against you prior to the expiration of the period. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the creditor.

. Compare Miller v. Payco-Gen. Am. Credits, Inc., 943 F.2d 482, 483 (4th Cir.1991) (violation: form stated "THIS IS A DEMAND FOR IMMEDIATE FULL PAYMENT" in large, red, and bold type, and "PAY US — NOW” with the "NOW” taking up a third of a page), and Bartlett v. Heibl, 128 F.3d 497, 503 (7th Cir. 1997) (violation: letter demanded payment or contact "within one week”), with McMurray v. ProCollect, Inc., 687 F.3d 665, 670 (5th Cir.2012) (no violation: "letter contain[ed] no demand for payment, much less a demand for payment within the 30-day statutory contest period”).

. The court believes § 1692e cases are applicable, but I am not convinced. Unlike § 1692g, several § 1692e claims explicitly discuss attorneys and the legal context. See, e.g., § 1692e(3) ("The false representation ... that any communication is from an attorney [violates § 1692e].”).

. It appears plain to me Defendant simply forgot to delete the word “despite” from the sentence, perhaps after a revision.