In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1231

KATIUSKA BRAVO                                    *Plaintiff-Appellant*,

*v.*

MIDLAND CREDIT MANAGEMENT, INC.
AND MIDLAND FUNDING, LLC,

                                                  *Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 4510 — **Gary Feinerman**, *Judge*.

ARGUED DECEMBER 2, 2015 — DECIDED FEBRUARY 8, 2016

Before KANNE, SYKES, *Circuit Judges*, and GILBERT, *District Judge*[*].

GILBERT, *District Judge*.  Katiuska Bravo first sued Midland Credit Management, Inc. and Midland Funding, LLC (together, "Midland") in 2014 over its efforts to collect several debts from her. The case settled. After settlement, Midland

---

[*] Of the Southern District of Illinois, sitting by designation.

sent Bravo's attorney two letters requesting payment of the debts that were resolved in the settlement. Bravo then filed this action alleging that the letters violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The district court dismissed the complaint for failure to state a claim, and we affirm.

## I. **BACKGROUND**.

Bravo sued Midland for violations of the FDCPA in January 2014 and that matter settled in March 2014. Midland agreed to forgive two of Bravo's debts (GE/Lowe's and Citibank/Sears) as part of the settlement agreement. David J. Philipps, an attorney who specializes in consumer litigation, represented Bravo in the initial suit and in the case at bar.

In May 2014, Midland sent two letters addressed as follows:

> Kaliuska Bravo
> C/O David J. Philipps
> 9760 S. Roberts Rd Ste 1
> Palos Hills, IL 60465-1686

The letters were received at Philipps' business office and were basically identical. One letter requested the payment of the GE/Lowe's account and the other letter requested the payment of the Citibank/Sears account. Philipps did not forward the correspondence to his client, but opened and reviewed the content of the letters.

Bravo claims that the letters violate § 1692c of the FDCPA which 1) prohibits contact with a consumer regarding debts once the consumer notifies the debt collector that she is represented by counsel, and 2) prohibits a debt collector from

continuing to communicate a demand for payment to a consumer once the consumer has refused to pay. Bravo further alleges that the letters violate § 1692e by making false and misleading statements.

Neither party disputes that Midland is a debt collector and that Bravo is a consumer as defined by the FDCPA.

## II. DISCUSSION

We review a dismissal pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) *de novo,* and the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

### A. Continued Communication with a Represented Consumer.

The FDCPA § 1692c(a)(2) states that a debt collector may not communicate with a consumer, in connection with the collection of any debt, if the debt collector knows that the consumer is represented by counsel. It further requires a debt collector to cease further communication with the consumer, with limited exceptions not applicable here, once a consumer has notified the debt collector that the consumer refuses to pay a debt. § 1692c(c).

Bravo argues that since the letters were directed to Bravo–regardless of the delivery address–Midland was communicating with Bravo after Midland was notified that Bravo was represented by counsel.

This Court held in *Tinsley v. Integrity Financial Partners, Inc.*, 634 F.3d 416 (2011), "that § 1692c as a whole permits debt collectors to communicate freely with consumers' lawyers." *Id.* at 419. The Plaintiff in *Tinsley* had retained counsel who sent a letter to the debt collector advising it that the Plaintiff refused to pay. The correspondence also directed the debt collector to "cease all further collection activities and direct all future communication to our office." The debt collector refrained from communicating with the Plaintiff; however, he called the lawyer with a request for payment. Thereafter, the Plaintiff filed suit under the FDCPA alleging that the Act "prohibits debt collectors from contacting a debtor's legal counsel as well as the debtor himself, once the debtor refuses to pay." *Id.* at 416.

In *Tinsley*, we asked, "Why would Congress have provided that hiring a lawyer makes it impossible for the debtor and debt collector to communicate through counsel?" We found "[t]hat would be an implausible understanding of § 1692c(a)(2)." One of the purposes of § 1692c(a)(2) is to provide a legal buffer for the consumer and "[a] debtor who does not want to be pestered by demands for payment, settlement proposals, and so on, need only tell his lawyer not to relay them." *Id.* at 419.

There is no case law cited that supports Bravo's position that a letter addressed to a debtor, but sent to the debtor at an attorney's address, is a *per se* violation of § 1692c(a)(2) of the

FDCPA. We find that holding so would undermine the findings in *Tinsley* that a debt collector should be able to communicate freely and directly with counsel upon notification that a debtor is properly represented. Then, as occurred in this case, the attorney can review the correspondence and take any steps necessary. A consumer's name on an envelope does not equate to communication with that consumer when it is sent in "care of" and to the address of an attorney.

**B. Continued Communication with Regard to the Collection of a Debt.**

Bravo also argues that the two letters were a continued attempt to collect a debt in violation of § 1692c(c). Bravo states that nothing in *Tinsley* would allow a debt collector, in the face of multiple cease collection demands, to continue its collection efforts. She goes on to argue that a debt collector may contact the attorney, but not to demand payment of the debt from the consumer. Bravo argues that this matter is distinguishable from *Tinsley* as the debt in *Tinsley* was still owed and in this matter, the debts had been discharged.

Whether a debt is pending or discharged is irrelevant. A debt collector may not even be aware–until he contacts debtor's counsel–that a debt has been resolved. "Courts do not impute to debt collectors other information that may be in creditors' files–for example, that debt has been paid or was bogus to start with." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004). If the Court cannot impute creditors' knowledge to a debt collector, it stands to reason that it cannot limit a debt collector's ability to communicate with a debtor's counsel to only those incidents where a debt is owed.

**C. False, Deceptive, or Misleading Statements.**

Next Bravo argues that Midland's letters violate the general provision of § 1692e of the FDCPA, which states that a debt collector may not use any "false, deceptive, or misleading representation or means in connection with the collection of any debt." Bravo contends that the letters falsely stated that Bravo stilled owed debts that had been discharged by the prior settlement.

This Court has consistently held that with regard to "false, deceptive, or misleading representations" in violation of § 1692e of the FDCPA, the standard is: (1) whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel or (2) whether a competent attorney would be deceived, even if he is not a specialist in consumer debt law. *See Zemmeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012); *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009); *Ruth v. Triumph*, 577 F.3d 790, 799-800 (7th Cir. 2009); *Evory v. RJM Acquisitions Funding*, L.L.C., 505 F.3d 769, 774-775 (7th Cir. 2007); *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006); *Turner v. J.V.D.B. & Assocs.*, 330 F.3d 991, 995 (7th Cir. 2003).

Plaintiff relies on *Evory, et al. v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007), to argue that every false statement to an attorney is a *per se* violation of § 1692e. That overstates *Evory*. The *Evory* court held the "competent attorney" standard applies regardless of whether a statement is false, misleading or deceptive. *Id*. at 775.

This case involves alleged false representations to a debtor's attorney. Therefore, the standard is whether a competent attorney, even if he is not a specialist in consumer debt law, would be deceived by two letters requesting payment for debts resolved in a settlement. On the facts before us, we believe a competent attorney would be able to determine whether his client continued to owe a debt after it was settled in full and would therefore not be deceived by the two letters.

**D. Violations of § 1692e(5) of the FDCPA**.

Lastly, Bravo argued that the letters violate §1692e(5) of the FDCPA. She alleges that the letters contained threats of actions that Midland was not legally able to take. The first threat was demanding payment of debts eliminated by settlement. The second threat was the statement, "[T]his account may still be reported on your credit report as unpaid." These arguments were not brought at the district level, and arguments not raised to the district court are waived on appeal. *See Puffer v. Allstate Ins. Co.,* 675 F.3d 709, 718 (7th Cir. 2012); *Brown v. Auto. Components Holding, LLC,* 622 F.3d 685, 691 (7th Cir. 2010); *Robyns v. Reliance Standard Life Ins. Co.,* 130 F.3d 1231, 1238 (7th Cir. 1997).

### III. CONCLUSION

Although the Complaint describes the claim in sufficient detail to give Midland fair notice of what the claim is and the grounds upon which it rests, it fails to plausibly suggest that the Bravo has a right to relief above a speculative level. The Court finds that the two letters were not continued communication to a consumer and that the letters would not have deceived a competent attorney who was aware that the debts had been resolved.

For the foregoing reasons, we AFFIRM the judgment of the district court.