In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1088

PATRICIA ANN KOEHN,

*Plaintiff-Appellant,*

*v.*

DELTA OUTSOURCE GROUP, INC., *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:18-cv-01084-WCG — **William C. Griesbach**, *Chief Judge.*

ARGUED JULY 9, 2019 — DECIDED SEPTEMBER 25, 2019

Before KANNE, HAMILTON, and SCUDDER, *Circuit Judges.*

HAMILTON, *Circuit Judge*. Plaintiff Patricia Ann Koehn brought this suit against a collection agency, alleging that its collection letter was misleading and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The district court granted the collection agency's motion to dismiss for failure to state a claim, concluding that no significant fraction of the population would be misled by the letter. We agree and affirm.

The letter to Koehn was from defendant Delta Outsource Group, Inc. The letter said that the "current balance" of Koehn's debt was $2,034.03. Koehn contends the letter was misleading because (a) the phrase "current balance" implied that her balance could grow, even though (b) her account was actually "static," meaning that additional interest and fees could no longer be added to the balance. She contends the phrase "current balance" thus violated 15 U.S.C. § 1692g(a)(1), which requires a debt collector to state "the amount of the debt," and § 1692e, which prohibits more generally "any false, deceptive, or misleading representation or means in connection with the collection of any debt." By falsely implying that the "current balance" might increase, she contends, the debt collector's choice of wording will mislead debtors to give such static debts greater priority than they otherwise would.

Delta moved to dismiss Koehn's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Delta argued that it is apparent from the face of the letter that no significant fraction of the population would be misled by it. See *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012), quoting *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004) (applying "significant fraction" standard). In response, Koehn relied on *Chuway v. National Action Financial Services, Inc.* 362 F.3d 944 (7th Cir. 2004), to argue that "current balance" (as opposed to "balance") can mislead debtors. Chief Judge Griesbach correctly read *Chuway* more narrowly than Koehn does, and he granted the motion to dismiss.

To state a legally viable claim, Koehn needed to allege plausibly that Delta's use of the "current balance" phrase

"would materially mislead or confuse an unsophisticated consumer." *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). An unsophisticated consumer is "uninformed, naïve, or trusting," *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003), but nonetheless possesses "reasonable intelligence," basic knowledge about the financial world, and "is wise enough to read collection notices with added care." *Gruber v. Creditors' Protection Service, Inc.*, 742 F.3d 271, 273 (7th Cir. 2014) (quotations omitted).

Whether a dunning letter will mislead or confuse is often a question of fact that cannot be resolved on a motion to dismiss. *Zemeckis*, 679 F.3d at 636. In addition, the federal judges who must decide such motions are not necessarily good proxies for the "unsophisticated consumers" protected by the FDCPA. See, e.g., *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014); *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). Still, if it is apparent that "not even a significant fraction of the population would be misled" by a collection letter, then the complaint can and should be dismissed. *Zemeckis*, 679 F.3d at 636. We do not see anything inherently misleading in the phrase "current balance."

The district court read *Chuway* correctly as not extending to this case. The dunning letter in *Chuway* said that the debtor's "balance" was a specified amount. It went on to request payment but added: "To obtain your most current balance information, please call" a toll-free telephone number. 362 F.3d at 947. We said that if the letter had stopped after the request for payment, "the defendant would be in the clear." *Id*. That hypothetical assurance applies to this case. But the further instruction in *Chuway* to call to "obtain your most

current balance information" caused the problem. That instruction implied to the debtor that the amount he owed might actually be different from the "current balance" set forth in the dunning letter. The letter implied that the only way the debtor could obtain the current balance was to call the debt collector (although in fact the printed balance was not subject to change). That was a reasonable interpretation of the letter, which was sufficient to meet plaintiff's burden of proof of a violation of the statute. *Id.* at 947–48 (noting also that "the entire bench was confused about the meaning of the letter until the defendant's lawyer explained it to us at oral argument").

*Chuway* thus did not reach as far as the common and innocuous language plaintiff challenges here. And in *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007), we affirmed summary judgment for a debt collector who used the phrase "Current Amount Due" on the "tearoff" section of the collection letter. "Absent some particularly ambiguous language in the rest of the letter, we cannot see how an unsophisticated consumer would interpret the tearoff to indicate that anything other than the 'Current Amount Due' was 'the amount of the debt.'" *Id.* at 841.

Delta's letter challenged here contains no directive to call for a "current balance," nor does it include any language implying that "current balance" means anything other than the balance owed. We have cautioned before: "The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000), quoted in *Chuway*, 362 F.3d at 948. It takes an ingenious misreading of this letter to find it misleading. And that same ingenuity

would call into question the even simpler phrase that "the balance is $____." After all, the simple present-tense verb "is" also implies "current," doesn't it?

Dunning letters can comply with the Fair Debt Collection Practices Act without answering all possible questions about the future. A lawyer's ability to identify a question that a dunning letter does not expressly answer ("Is it possible the balance might increase?") does not show the letter is misleading, even if a speculative guess to answer the question might be wrong.

The judgment of the district court is

                                                          AFFIRMED.